**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERWIN VICTOR CARDENAS, | No. 12-17349 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02404-TJH |
| v. | |
| D.K. SISTO, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter, Senior District Judge, Presiding

Argued and Submitted October 8, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District Judge.[**]

California state prisoner Erwin Victor Cardenas appeals the denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's decision to deny Cardenas's habeas petition, *see* *Clabourne v. Ryan*, 745 F.3d 362, 370 (9th Cir. 2014), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

In 2004, Cardenas was convicted of attempted murder, stalking in violation of a restraining order, willfully inflicting corporal injury on a former spouse, assault with a deadly weapon, and violating a restraining order. Cardenas contends the trial court gave jury instructions that improperly relieved the state of its burden of proof with respect to his murder conviction. Any errors the trial court may have made with respect to the instructions were harmless. The jury was instructed that it must find beyond a reasonable doubt that Cardenas specifically intended to murder the victim. At Cardenas's request, the court gave instructions on voluntary manslaughter and accident. Even if more specific instructions would have been appropriate, their omission did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Byrd v. Lewis*, 566 F.3d 855, 860 (9th Cir. 2009).

Cardenas also argues that habeas relief is warranted because the state court judge improperly imposed an "upper-term" sentence based on facts not found by the jury. *See Blakely v. Washington*, 542 U.S. 296, 303 (2004). We agree that the court erred, but conclude the error was harmless. *See Washington v. Recuenco*, 548 U.S. 212, 221–22 (2006); *Butler v. Curry*, 528 F.3d 624, 648–49 (9th Cir. 2008). The state introduced uncontroverted evidence that Cardenas made repeated threats on the victim's life. Based on that evidence, we conclude the jury "would have found the relevant aggravating factor[] beyond a reasonable doubt." *Butler*, 528 F.3d at 648. Accordingly, the error was harmless.

We construe Cardenas's additional arguments regarding the jury instructions and an alleged plea offer as a motion to expand the certificate of appealability. *See* 9th Cir. R. 22-1(e). So construed, the motion is denied.

**AFFIRMED.**